■ SUZELLEN BERGEN et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [607 NYS2d 62] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 27, 1991, which granted the separate motions of the defendants City of New York and Mary Shapiro for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On July 6, 1982, Anne P. Messineo called the police to tell them that her next-door neighbor, the defendant Walter Shapiro, was firing a gun. Shapiro was taken to the police station, issued summonses, and released. Later that same day he went to Messineo's house, shot and killed her, and injured her guest Suzellen Bergen.

The court did not err in granting summary judgment to the City of New York because Messineo's executor and Bergen did not present triable issues of fact to establish that a special relationship existed between the City and Messineo and/or Bergen *(see, Cuffy v City of New York,* 69 NY2d 255). Although it is undisputed that Messineo was a "block watcher" and called the police and informed them that Walter Shapiro was shooting a gun, this is not sufficient to establish a duty on the part of the City as the police had no reason to know that Walter Shapiro posed a threat to Messineo or Bergen, and neither Messineo nor Bergen demanded or sought protection *(see, Schuster v City of New York,* 5 NY2d 75). Furthermore,

the plaintiffs failed to present any facts to establish that the police knew or should have known that their inaction would result in harm to Messineo or Bergen or that Messineo or Bergen relied on the police taking any affirmative action *(see, Cuffy v City of New York, supra)*.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.